Weygandt, C. J.,
dissenting. It would seem that the pronouncement of this court in the syllabus in the case of Zangerle, Aud., v. Court of Common Pleas, 141 Ohio St., 70, 46 N. E. (2d), 865, clearly requires an affirmr anee of the judgment of the Court of Appeals.
In paragraph three of that syllabus it was held that courts may pass upon the suitability and sufficiency of quarters and facilities for their occupation and use, and may exercise control over the courthouse to the extent required to assure the provision, equipment and maintenance in the courthouse of rooms and facilities essential for their proper and efficient operation. After due notice and a hearing, the Court of-Common Pleas did pass upon the suitability and sufficiency of quarters and facilities for its occupation and use. That court determined that an elevator is a facility and that it is necessary for the functioning of the court. Now a majority of this court holds that the Court of Common Pleas was without authority to make this determination. Just what authority does a Court of Common Pleas' have. if it is unable to-provide itself *362 with such an obviously necessary facility as an elevator for the use of parties, counsel, jurors and witnesses who, under penalty of the law, are required to be present in court irrespective of their age or condition of health?